IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: ASBESTOS LITIGATION ) | |
| ) | |
| PATRICIA ROADARMEL, Individually, ) | |
| and as Personal Representative of ) | |
| the Estate of MARK R. ROADARMEL, ) | |
| Deceased, ) | |
| ) | Civil Action No. 20-1375-MN-SRF |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| CURTISS-WRIGHT CORPORATION, ) | |
| ) | |
| Defendant. ) | |

### REPORT AND RECOMMENDATION

I. **INTRODUCTION**

Presently before the court in this asbestos-related personal injury action is the Motion for Summary Judgment ("Motion") pursuant to Federal Rule of Civil Procedure 56 filed by Curtiss-Wright Corporation ("Curtiss-Wright" or "Defendant").[1] (D.I. 25) For the following reasons, I recommend that Defendant's Motion be DENIED.

II. **BACKGROUND**

A. **Procedural History**

Patricia Roadarmel, ("Plaintiff"), brings this action individually, as the surviving spouse of Mark R. Roadarmel, ("Roadarmel" or "Decedent"), and as administratrix of his estate. (D.I. 1, Ex. 1 at ¶ 1) On April 28, 2020, Plaintiff filed this personal injury action against Defendant in

---

[1] The briefing for the present Motion is as follows: Defendant's opening brief (D.I. 26), Plaintiff's response brief (D.I. 29), and Defendant's reply brief (D.I. 30).

the Superior Court of Delaware, asserting claims arising from Roadarmel's death on February 15, 2019, due to his alleged exposure to asbestos while serving in the U.S. Navy. (*Id.* at ¶ 4)

On October 9, 2020, Defendant removed the case to this court pursuant to 28 U.S.C. § 1442, the federal officer removal statute.[2] (D.I. 1) On May 9, 2022, Defendant filed the present Motion. (D.I. 25)

### B.   Facts Regarding Decedent's Alleged Exposure History

Plaintiff alleges the Decedent developed mesothelioma resulting from exposure to Defendant's asbestos-containing products during his service as an Engineering Officer in the United States Navy onboard the *U.S.S. Exultant*, a minesweeping vessel. (D.I. 1, Ex. 1 at ¶ 4) Plaintiff asserts claims for wrongful death and Decedent's personal injuries (Counts I & II), negligence (Count III), willful and wanton conduct (Count IV), strict liability (Count V), failure to warn (Count VI), misrepresentation (Count VII), conspiracy and concealment (Counts VIII & IX). (*See e.g.*, *id.* at ¶¶ 5, 8–9, 11, 14, 17, 23, 27, 31, 34–36)

Roadarmel was deposed on December 4, 2018, and is the sole product identification witness in the case. (D.I. 29, Ex. 1 at 1:16) The Decedent served in the United States Navy from 1961 through 1965. (*Id.* at 34:24–25; 50:2–4) From the spring of 1962 to the spring of 1964, Decedent was an Engineering Officer on the *U.S.S. Exultant*. (*Id.* at 38:3–20; 111:19–22) While he served as an engineering officer, he was responsible for fifteen to eighteen seamen and worked in both the forward and aft engine rooms. (*Id.* at 39:22–25; 40:8–11) He traces his bystander asbestos exposure to dust released from removal and replacement of engine gaskets

---

[2] The federal officer removal statute permits removal of a state court action to federal court when, *inter alia*, such action is brought against "[t]he United States or an agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office." 28 U.S.C. § 1442(a)(1).

2

and insulation during "tear downs" when the engines were rebuilt twice by servicemen under his supervision. (*Id.* at 118:13–119:22; 240:6–243:5)

In January of 1963, the *U.S.S. Exultant's* engines experienced mechanical failures on a voyage to the Mediterranean and took about three weeks to repair in Naples, Italy. (*Id.* at 118:1–24) The engines again required repairs on the ship's return trip to the United States in June of 1963. (*Id.* at 119:10–22) The engines were repaired over a period of several weeks in Charleston, South Carolina. (*Id.* at 116:4–6; 119:12–18; 244:19–245:10) According to the "Report of Material Inspection" prepared by the Navy, engines No. 3 and 4 onboard the *U.S.S. Exultant* were Curtiss-Wright Model 12-V-142 engines. (D.I. 29, Ex. 2 at 6)

Defendant sent technical representatives both to Naples and Charleston who worked directly on the two Curtiss-Wright engines onboard the ship. (D.I. 29, Ex. 1 at 116:2–20; 117:2–14; 118:1–119:6; 241:16–23; 244:19–245:8) The teardown of the engines required the removal of gaskets and pipe insulation. (*Id.* at 240:10–18; 242:14–22) The Decedent did not directly work on the engines but was present in a supervisory capacity in the engine room while the work was being done. (*Id.* at 122:13–25) His job included keeping a log of the work performed on the engines. (*Id.* at 123:1–11) Roadarmel testified that he was exposed to asbestos from the removal of both the asbestos-containing gaskets and pipe insulation during the engine repairs. (*Id.* at 42:1–15; 240:10–25; 241:1–2; 242:2–25, 243:1–5)

Roadarmel testified he knew the engines onboard the *U.S.S. Exultant* were manufactured by Curtiss-Wright. (*Id.* at 41:23–25) He believed that Defendant supplied the replacement parts for the engines. (*Id.* at 126:21–127:1; 245:11–14) Curtiss-Wright provided engine manuals which did not include any warning concerning the alleged hazards associated with asbestos exposure. (*Id.* at 243:20–244:1–9) Roadarmel believed that he inhaled asbestos dust when he

3

supervised the Defendant's representatives in the engine rooms for periods up to twenty hours a day. (*Id.* at 122:15–20; 240:19–241:2; 243:1–5)

Plaintiff retained Captain R. Bruce Woodruff as an expert witness in this case. (D.I. 29, Ex. 3) Captain Woodruff completed an affidavit in June of 2022, attesting to Decedent's alleged exposure to asbestos from Curtiss-Wright engines onboard the *U.S.S. Exultant*. (*Id.*) Captain Woodruff concluded that during Decedent's service onboard the *U.S.S. Exultant* he "more likely than not, was exposed to significant quantities of airborne asbestos" from the gaskets during their repairs. (*Id.* at 21) He based his conclusion on factors such as the two lengthy engine repairs which required cleaning the exhaust system and Roadarmel's testimony about being present for these repairs. (*Id.*) Further, the removal process "undoubtedly involved removal of asbestos insulation and paste in the exhaust systems" and it "would have created asbestos dust," which Roadarmel breathed. (*Id.*)

Plaintiff also retained Kenneth S. Garza, an industrial hygienist, and Dr. Brent C. Staggs, a physician, as experts on airborne asbestos exposure levels and medical causation, respectively. (D.I. 29, Exs. 4–6) The court has not considered the opinions of these experts because they do not affect the court's recommendation limited to the issue raised in the pending Motion on whether the Defendant's product was a substantial factor in causing the Decedent's alleged asbestos related injuries.

### III.  LEGAL STANDARD

#### A.  Summary Judgment

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that could affect the outcome of the proceeding, and "a

4

dispute about a material fact is 'genuine' if the evidence is sufficient to permit a reasonable jury to return a verdict for the non-moving party." *Lamont v. New Jersey*, 637 F.3d 177, 181 (3d Cir. 2011) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)).

The moving party bears the initial burden of proving the absence of a genuinely disputed material fact. *See Celotex*, 477 U.S. at 322. The burden then shifts to the non-movant to demonstrate the existence of a genuine issue for trial, and the court must view the evidence in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Williams v. Borough of West Chester, Pa.*, 891 F.2d 458, 460–61 (3d Cir. 1989); *Scott v. Harris*, 550 U.S. 372, 380 (2007). An assertion of whether or not a fact is genuinely disputed must be supported either by citing to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials," or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A) & (B).

To defeat a motion for summary judgment, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. The "mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment;" rather, there must be enough evidence to enable a jury to reasonably find for the non-moving party on the issue. *See Anderson*, 477 U.S. at 247–49 (emphasis in original). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249–50 (internal citations

omitted); *see also Celotex*, 477 U.S. at 322. If the non-movant fails to make a sufficient showing on an essential element of its case on which it bears the burden of proof, then the movant is entitled to judgment as a matter of law. *See Celotex*, 477 U.S. at 322–23.

If a party fails to address another party's assertion of fact, the court may consider the fact undisputed, or grant summary judgment if the facts show that the movant is entitled to it. Fed. R. Civ. P. 56(e)(2)–(3).

### B.   Maritime Law: Substantial Factor Causation

The parties have stipulated that the court should apply maritime law to all claims and defenses asserted in this case. (D.I. 22) To establish causation for asbestos related injuries under maritime law, "a plaintiff [must] show, for each defendant, that (1) he was exposed to the defendant's product, and (2) the product was a substantial factor in causing the injury he suffered." *Lindstrom v. A-C Prod. Liab. Trust*, 424 F.3d 488, 492 (6th Cir. 2005); *see Stark v. Armstrong World Indus., Inc.*, 21 F. App'x 371, 375 (6th Cir. 2001)); *Dumas v. ABB Grp., Inc.*, 2015 WL 5766460, at *8 (D. Del. Sept. 30, 2015), *report and recommendation adopted*, 2016 WL 310724 (D. Del. Jan. 26, 2016); *Mitchell v. Atwood & Morrill Co.*, 2016 WL 4522172, at *3 (D. Del. Aug. 29, 2016), *report and recommendation adopted*, 2016 WL 5122668 (D. Del. Sept. 19, 2016); *Denbow v. Air & Liquid Sys. Corp.*, 2017 WL 1199732, at *4 (D. Del. Mar. 30, 2017), *report and recommendation adopted*, 2017 WL 1427247 (D. Del. Apr. 19, 2017).

"In establishing causation, a plaintiff may rely upon direct evidence (such as testimony of the plaintiff or [d]ecedent who experienced the exposure, co-worker testimony, or eye-witness testimony) or circumstantial evidence that will support an inference that there was exposure to

6

the defendant's product for some length of time."[3] *Abbay v. Armstrong Int'l, Inc.*, 2012 WL 975837, at *1 n.1 (E.D. Pa. Feb. 29, 2012) (citing *Stark*, 21 F. App'x at 376). On the other hand, "'[m]inimal exposure' to a defendant's product is insufficient [to establish causation]. Likewise, a mere showing that defendant's product was present somewhere at [p]laintiff's place of work is insufficient." *Lindstrom*, 424 F.3d at 492 (quoting *Stark*, 21 F. App'x at 376) (internal citation omitted). "Rather, the plaintiff must show 'a high enough level of exposure that an inference that the asbestos was a substantial factor in the injury is more than conjectural.'" *Abbay*, 2012 WL 975837, at *1 n.1 (quoting *Lindstrom*, 424 F.3d at 492). "Total failure to show that the defect caused or contributed to the accident will foreclose as a matter of law a finding of strict product[] liability." *Stark*, 21 F. App'x at 376 (citations omitted).

## IV. DISCUSSION

The court recommends denying Defendant's Motion because there is a genuine dispute of material fact as to whether Defendant's engines and their asbestos-containing replacement parts were a substantial factor in causing Decedent's injuries. *See Lindstrom*, 424 F.3d at 492. Further, the court recommends denying Defendant's Motion with respect to Plaintiff's ancillary claims because Defendant has failed to meet its burden as the movant.

### A. There Exists a Material Dispute of Fact Concerning Substantial Factor Causation

The court recommends denying Curtiss-Wright's Motion because there is a genuine dispute of material fact as to whether Roadarmel's exposure to asbestos is attributable to the Curtiss-Wright engines and their asbestos-containing components and whether they were a

---

[3] However, "'substantial exposure is necessary to draw an inference from circumstantial evidence that the exposure was a *substantial* factor in causing the injury.'" *Stark*, 21 F. App'x at 376 (emphasis in original) (quoting *Harbour v. Armstrong World Indus., Inc.*, 1991 WL 65201, at *4 (6th Cir. Apr. 25, 1991)).

7

substantial factor in causing his injuries as required by maritime law. *Lindstrom*, 424 F.3d at 492. Without any citation to the record, Defendant argues that summary judgment is appropriate because the Plaintiff cannot quantify the amount of time Roadarmel spent as a bystander during removal and installation of gaskets and exhaust insulation on the Curtiss-Wright engines when the engines were overhauled. (D.I. 26 at 13–14) Defendant's argument ignores Roadarmel's testimony in the record about his exposure and improperly disputes the significance of it.

The Defendant does not dispute that its engines were onboard the *U.S.S. Exultant*. (D.I. 29, Ex. 1 at 41:23–25; D.I. 29, Ex. 2 at 6) Additionally, the Defendant does not dispute that Roadarmel was in proximity to its engines during four engine "tear downs" involving the removal and installation of gaskets and exhaust insulation during which Roadarmel may have been exposed to asbestos. (D.I. 29, Ex. 1 at 118:13–119:22; 122:13–25; 240:6–243:5)

The Defendant has not refuted Roadarmel's deposition testimony and evidence in the record that the alleged asbestos-containing gaskets were Defendant's product because there were no spare parts on the *U.S.S. Exultant*. (*Id.* at 118:5–7; 119:17–18) There is no dispute that Curtiss-Wright representatives were onboard the ship for the engine overhauls. (*Id.* at 116:2–20) In addition, the Defendant provided the replacement gaskets. (*Id.* at 126:19–127:1)

There is sufficient evidence in the record to raise a genuine dispute of material fact as to whether the Decedent's exposure to asbestos is attributable to the Defendant's products and whether they were a substantial factor in causing his injuries. The Decedent testified that he was in the engine room during repairs for at least eight hours a day to up to twenty hours a day when there were engineering issues. (*Id.* at 122:13–20) The Decedent also testified to being present during the removal and installation of the gaskets and exhaust insulation, which created dust that he breathed. (*Id.* at 240:19–241:2; 242:20–243:5) Defendant's unsupported argument that such

exposure is minimal or speculative is contrary to the requirement that the court view the record in a light favorable to the Plaintiff. *See Matsushita Elec. Indus. Co., Ltd.*, 475 U.S. at 587. Thus, the record contains evidence of the Decedent's exposure to the Defendant's asbestos-containing products to sufficiently create a genuine dispute of material fact regarding substantial factor causation. *See Cox, et al v. Carrier Corp., et al (In re Asbestos Litig.)*, No. 19-548-MN-SRF, 2021 WL 3025842, at *2,*5 (D. Del. Jul. 16, 2021), *report and recommendation adopted*, 2021 WL 3662847 (D. Del. Aug. 18, 2021) (finding a genuine dispute of material fact regarding whether the plaintiff's bystander exposure to asbestos dust while he worked above the boiler room and swept the floor around the ship's boilers for up to twelve hours a day was a substantial factor in causing his injuries).

In its briefing, Defendant cites cases in which summary judgment was granted for a lack of evidence that the defendant's products were a substantial factor in causing the plaintiff's asbestos related injuries. (*See* D.I. 26 at 10–12) Other than citing the cases, Defendant fails to relate them to the factual record in the instant case and the court finds them distinguishable. For example, Defendant cites *Janis v. A.W. Chesterton, Inc., et al*, in which this court granted summary judgment because the record showed a lack of detail about the specific work that the plaintiff completed in relation to the defendant's product and the plaintiff's testimony failed to address the "frequency, regularity, and proximity of his work." No. 17-167-MN-SRF, 2019 WL 264890, at *5–6 (D. Del. Jan. 18, 2019), *report and recommendation adopted*, 2019 WL 442283 (D. Del. Feb. 4, 2019). (D.I. 26 at 12–13) *See also Moeller v. Garlock Sealing Techs., LLC*, 660 F.3d 950, 955 (6th Cir. 2011) (finding in favor of the defendant because the plaintiff failed to establish that the defendant's asbestos-containing gaskets were a substantial factor in causing the plaintiff's injuries).

9

Unlike *Janis* and *Moeller*, the record of the Decedent's exposure here sufficiently creates a question of fact as to whether the Decedent's alleged exposure to asbestos during the four "tear downs" of the engines was a substantial factor in causing his injuries. (*See e.g.*, D.I. 29, Ex. 1 at 122:13–20; 240:10–241:2; 242:2–243:5; 257:9–17)

The court is not persuaded by Defendant's attempt to point to the Decedent's alleged alternative exposures to other manufacturers' products at other places of employment. (D.I. 26 at 13; D.I. 30 at 9–10) The court will not grant summary judgment based on speculation and conjecture without any facts in the record to support an alternate causation argument. Furthermore, the Decedent's work history outside of his service on the *U.S.S. Exultant* is not relevant to the question presented in the pending Motion concerning whether the Decedent's alleged exposure to asbestos during the repair of the Curtiss-Wright engines was a substantial factor in causing his injuries. *See Stark*, 21 F. App'x at 375 (noting the causation "standard is separately applied to each of the defendants"). Therefore, the court recommends denying Curtiss-Wright's Motion.

### B. Defendant Has Not Satisfied Its Burden Regarding Dismissing Plaintiff's Ancillary Claims

The Defendant moves for summary judgment on Plaintiff's ancillary claims, specifically arguing for dismissal of punitive damages because the record fails to show that the Defendant acted recklessly or willfully. (D.I. 26 at 14–15)

The court recommends finding the Defendant has not carried its burden as the movant. *See Celotex*, 477 U.S. at 322. The Defendant does not identify which counts of the complaint should arguably be dismissed and refers only to general descriptions of them as "ancillary" or "incidental." (D.I. 26 at 14) In arguing for dismissal of punitive damages, the Defendant recites the legal standard for assessment of punitive damages under maritime law under *Exxon Shipping*

10

*Co. v. Baker*, 554 U.S. 471 (2008), but the Defendant does nothing more than argue in conclusory fashion that the standard is not met here. (*Id.* at 14–15)

## V.   CONCLUSION

For the foregoing reasons, the court recommends DENYING Curtiss-Wright's Motion. (D.I. 25)

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b)(2). The objections and responses to the objections are limited to ten (10) pages each. The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the District Court. *See Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006); *Henderson v. Carlson*, 812 F.2d 874, 878–79 (3d Cir. 1987).

The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022 a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: January 6, 2023

_____
Sherry R. Fallon
United States Magistrate Judge